NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1400
_____

ACCEPTANCE INDEMNITY INSURANCE COMPANY

v.

JJA AUTO SALES LLC, d/b/a JJA Sales;
SAID FARAJ;
SAID ASSAD J. FARA,
                                        Appellants

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 5-15-cv-02954
District Judge: Honorable Joseph F. Leeson, Jr.

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 18, 2018

Before: SMITH, *Chief Judge*, GREENAWAY, JR., and KRAUSE, *Circuit Judges*

(Filed:  March 26, 2018)
_____

OPINION*
_____

SMITH, *Chief Judge*

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

This is an appeal from a declaratory judgment that Appellee, Acceptance Indemnity Insurance Company, did not have a duty to defend or indemnify Appellants, JJA Auto Sales, LLC and Said Faraj,[1] in an underlying tort action brought in New York state court. The state suit arose out of a car accident in Brooklyn in which Faraj, the driver, hit a pedestrian. The ultimate question is whether the accident is covered by the insurance policy that Acceptance issued to JJA. The answer depends on whether JJA, a used-car dealership, owned the car or used it in connection with its business.

Faraj discussed the accident with Acceptance's counsel in an "Examination Under Oath," a transcript of which was recorded by a court reporter. App. at 236. That transcript provides the primary evidentiary support for Acceptance's case, and its admissibility is the main subject of Appellants' appeal. The District Court admitted the transcript into evidence, concluding over Appellants' objections that it was admissible. Based in large part on the transcript, the District Court found that JJA did not own or use the vehicle involved, and therefore the policy did not cover the accident. JJA and Faraj now appeal. We will affirm the District Court's judgment in favor of Acceptance.[2]

Appellants raise several issues, none of which require substantial discussion. As a threshold matter, Appellants argue that New York rather than Pennsylvania law should control our analysis. Because Appellants raise only procedural and evidentiary issues on

---

[1] The original complaint named two individual defendants, "Said Faraj" and "Said Assad J. Fara," but both names refer to the same person. App. at 4 n.1.

[2] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291.

appeal, federal law, not the law of New York or Pennsylvania, controls. *See Hanna v. Plumer*, 380 U.S. 460, 471 (1965); *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938); *Chamberlain v. Giampapa*, 210 F.3d 154, 158 (3d Cir. 2000). The District Court did not err by applying federal law.

Nor did the District Court err by admitting the transcript of the examination into the record. Appellants' three arguments in this respect are easily dismissed. First, Appellants object to the District Court's decision to reopen the trial record to allow Acceptance to substitute a certified copy of the examination transcript for the unsigned copy it initially offered. "[A] motion to reopen [the record] . . . is addressed to [the District Court's] sound discretion." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331 (1971). The certified copy, signed by the court reporter who transcribed the examination, is otherwise identical to the unsigned copy, and Appellants were not prejudiced by the District Court's decision to admit it.

Second, Appellants argue that because the examination was not a deposition, it was inadmissible. We agree that this examination under oath was not a deposition. But the fact that Fed. R. Civ. P. 32(a) allows depositions to be used in court under certain circumstances has no bearing on the admissibility of an examination under oath.

Third, Appellants argue that the transcript is inadmissible because it was not signed by Faraj.[3] Appellants argue that New York law requires a deposition transcript to be signed by both the court reporter and the deponent, and that an examination under oath is sufficiently similar to a deposition that the same requirement should apply. We repeat our earlier conclusion that federal law, not New York law, governs our evidentiary analysis. Accepting for the moment Appellants' proposition that an examination under oath must meet the same criteria for admissibility as a deposition, there is no applicable requirement that a deposition transcript be signed as a precondition for admissibility. No changes to the transcript were made that would require the deponent's signature under Fed. R. Civ. P. 30(e)(1)(B), and Appellants have not explained or cited other legal authority establishing the need for a signature. We conclude that the District Court did not err in admitting the examination transcript into evidence.

Appellants suggest in passing that the case should be dismissed for failure to join the pedestrian involved in the accident—the plaintiff in the underlying New York lawsuit—as a necessary party. Appellants do not cite to any authority supporting their argument, and clearly articulate the argument only once: in the heading of an unrelated section of their brief. Appellants' Br. 10. Accordingly, the issue is waived. *See, e.g.*, *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993). In any event, we do not believe that Fed.

---

[3] Because the District Court properly allowed substitution of the certified copy of the transcript for the unsigned copy, we need not consider whether admitting the unsigned copy into evidence would have been error.

R. Civ. P. 19 requires joinder of the New York plaintiff in these circumstances, and the District Court did not err by so holding. *See Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 228–29 (3d Cir. 2005).

Finally, we note that portions of Appellants' brief are essentially incomprehensible, lacking citation to authority or even articulable legal argument. This is not the sort of appellate advocacy this court expects from the attorneys who appear before us. Any remaining arguments have not been clearly raised, and are therefore waived. *See Kost*, 1 F.3d at 182.

We will affirm the judgment of the District Court in favor of Appellee, Acceptance Indemnity Insurance Company.